FILED
CLERK

**LAW OFFICES OF**

**O'KEKE & ASSOCIATES, P.C.** 2012 SEP -4  PM 12: 00
255 LIVINGSTON STREET, 4TH FL.
BROOKLYN NY, 11217
PHONE: (718) 855-9595
Attorneys for plaintiff

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

--------------------------------------X---------------------------------

LINDA BUIE

                  Plaintiff(s),

    against

THE CITY OF NEW YORK,
DET.KEITH A.MCDOWELL(Shield# 1381),
DET. TODD CRACCO (Shield# 2359),
JOHN DOE and JANE DOE 1-5

                  Defendant(s).

:UNITED STATES DISTRICT COURT
:EASTERN DISTRICT OF NEW YORK

CV 12-4390

CIVIL ACTION  **DEARIE, J.**

**COMPLAINT**

PLAINTIFF DEMANDS **POLLAK, M.J**
TRIAL BY JURY

--------------------------------------X---------------------------------

TAKE NOTICE, the Plaintiff, Linda Buie, hereby appears in this action by her attorneys, The Law Offices of O'keke & Associates, P.C., and demand that all papers be served upon them, at the address below, in this matter.

Plaintiff, Linda Buie, by her attorney, O'keke & Associates, P.C., complaining of the defendants, The City of New York, Det. Keith A. McDowell(Shield# 1381), and Det. Todd Cracco (Shield# 2359), John Doe and Jane Doe 1 through 5, collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the

1

Buie Linda / Complaint

law and statutes of the State of New York].

2.    This is an action to further seek compensation for the
serious and permanent personal injuries sustained by the
plaintiff, as a result of the negligence of the defendants,
perpetrated while said defendant police officers were in
the process of illegally and unlawfully arresting
plaintiff.

## JURISDICTION

3.    The jurisdiction of this Court is invoked under 28 U.S.C.
§1343(3), this being an action authorized by law to redress
the deprivation of rights secured under color of state and
city law, statute, ordinance, regulation, custom and usage
of a right, privilege and immunity secured to the plaintiff
by the Fourteenth Amendment to the Constitution of the
United States.   Jurisdiction of this court exists pursuant
to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth
Amendments to the United States Constitution.

4.    All causes of action not relying exclusively on the
aforementioned federal causes of action as a basis of this
Court's jurisdiction are based on the Court's supplemental
jurisdiction pursuant to 28 U.S.C. §1367 to hear state law
causes of action. The events, parties, transactions, and
injuries that form the basis of plaintiff's federal claims
are identical to the events, parties, transactions, and
injuries that form the basis of plaintiff's claims under
applicable State and City laws.

5.    As the deprivation of rights complained of herein occurred
within the Eastern District of New York, venue is proper in
this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6.    Plaintiff resides in Brooklyn, New York, and is a resident
of the County of Kings, City and State of New York.

7.    Defendants Det. Keith A. McDowell(Shield# 1381), and  Det.
Todd  Craco  (Shield#  2359),  are  both  Police  Officers
employed with the New York Police Department.

8.    Defendants John Doe and Jane Doe 1-5, are all unknown New

Buie Linda / Complaint

2

York Police Department police officers and or employees or agents, employed by the City of New York under the New York Police Department Defendant Officers are being sued in both their individual and official capacity.

9. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON
## TO ALL CAUSES OF ACTION

10. On or about January 7, 2012 at approximately 7:30PM, the defendant officers, unlawfully arrested, detained and imprisoned the plaintiff. That all criminal charges brought against the plaintiff was subsequently dismissed.

11. Prior to and after effecting the unlawful arrest against the plaintiff, plaintiff had just returned home to find her main entrance door open and several police officers in her house, inclusive of the named defendants. The plaintiff entered and began to enquire why they were in her house; to wit she received no response. As she proceeded further into her house to use the bathroom and at the same time to see what the defendant officers were doing in the house, one of the defendant officers grabbed plaintiff from the back and violently slammed plaintiff against a wall. The defendant officer held on to plaintiff's left arm, forcefully twisting and pushing plaintiff's arm upwards towards the back of plaintiff's head. The defendant officers then searched through plaintiff's pockets and bag, throwing all her possession on the floor and breaking her cell phone in the process.

12. That due to the pain from plaintiff's arm being forced into an unnatural position and from being slammed into the wall so violently, plaintiff lost consciousness and awoke after being resuscitated.

13. Thereafter, plaintiff who was handcuffed while she was unconscious was placed in a black police van, where she was detained for approximately 30minutes before being driven to the 79th precinct and placed in a holding cell with her handcuffs still on. By the time one of the defendant's officers returned, the plaintiff's hands were swollen and turning blue. That the hand cuffs were removed and

Buie Linda / Complaint

plaintiff returned to a holding cell, where she remained for several more hours, without any food and drink, before she was placed in another police vehicle and transported to the Criminal Court Central Bookings Division in Brooklyn and placed in a holding pen, where plaintiff was again held for numerous hours, until the next day where she was brought before a judge and the case was adjourned in contemplation of dismissal.

14. That as a result of the actions of the defendant officers, the plaintiff, remains traumatized, emotionally distressed and suffers frequently from nightmares, panic attacks, mental anguish, unwarranted severe anger bouts and severe pain in her wrists, left arm and shoulders.

15. That during the entire ordeal, plaintiff was not read her Miranda rights further, plaintiff was denied any food or drink through her entire ordeal.

16. Plaintiff was unlawfully arrested, detained and imprisoned by the defendant officers without any just cause and as a direct result of the defendant officers unlawful actions, plaintiff remains traumatized, emotionally distressed and suffers frequently from nightmares, panic attacks, mental anguish, unwarranted severe anger bouts and severe pain in her wrists, left arm and shoulders.

17. That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed by the plaintiff, they still proceeded to arrest plaintiff, detain and imprison plaintiff just to intimidate plaintiff.

18. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiff act against or in violation of the laws of New York State, or commit any illegal acts, or engage in any conduct which in any way justified the brutal and unlawful actions of the defendants.

19. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to, emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts, some or all of which may be permanent.

4

Buie Linda / Complaint

20. The unlawful arrest, wrongful imprisonment and assault of plaintiff, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

21. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts and severe pain in her wrists, left arm and shoulders, some or all of which may be permanent.

22. As a direct and proximate result of her unlawful detention, assault and confinement, Plaintiff has lived in terror of her attack, she continues to suffer from emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts and severe pain in her wrists, left arm and shoulders, some or all of which may be permanent and is fearful of going outside and when she sees the police, she suffers various emotional attacks, in addition, she has been unable to function normally which has caused severe strains and breakdown in his personal relationships, in and outside of his home.

23. As a direct and proximate result of defendant's actions, plaintiff was assaulted, arrested, and detained without just or probable cause.

24. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

25. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, correction officers and other city employees including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing the defendant officers and city employees including defendants in this case, to engage in unlawful conduct.

26. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently

Buie Linda / Complaint

conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

27. The actions of defendants, acting under color of State law, deprived plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

28. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

29. Plaintiff continues to suffer physically and emotionally due to the actions of the defendants.

30. This action has been commenced within one year and ninety days of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against Defendants Officers

31. Plaintiff hereby restates paragraphs 1-30 of this complaint, as though fully set forth below

32. By detaining and imprisoning the plaintiff without justification, probable cause or reasonable suspicion, using excessive force and assaulting them, the Defendant Officers, deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

33. In addition, the Defendant officers named and unnamed conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in

Buie Linda / Complaint

6

furtherance of such conspiracy, as set forth above.

34. The Defendant Officers named and unnamed acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendant Officers named and unnamed were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

36. Plaintiff hereby restates paragraph 1-35 of this complaint, as though fully set forth below

37. By detaining and imprisoning the plaintiff without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officers deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

38. In addition, the Defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

39. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured

Buie Linda / Complaint

by Article 1, Section 12 of the New York Constitution.

40.  Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

41.  As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the ·damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

False Arrest and False Imprisonment--all defendants

42.  Plaintiff hereby restates paragraph 1-41 of this complaint, as though fully set forth below

43.  The Defendant Officers named and unnamed wrongfully and illegally detained, and imprisoned the Plaintiff.

44.  The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

45.  At all relevant times, the Defendant Officers named and unnamed acted forcibly in apprehending, detailing, and imprisoning the Plaintiffs.

46.  During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

47.  Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

48.  All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

49.  Defendants, their officers, agents, servants, and employees were responsible for plaintiffs' detention and imprisonment

8

Buie Linda / Complaint

during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

50. The Defendant Officers named and unnamed acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

51. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FOURTH CAUSE OF ACTION:

Intentional and/or Negligent Infliction of Emotional Distress-all Defendants

52. The Plaintiff hereby restates paragraph 1-51 of this complaint, as though fully set forth below.

53. The Defendant Officers named and unnamed engaged in extreme and outrageous conduct, intentionally, recklessly and or negligently causing severe emotional distress to plaintiffs.

54. Plaintiff's emotional distress has damaged his personal and professional live because of the severe mental pain and anguish which was inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

55. Defendants, their officers, agents' servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendant Officers named and unnamed, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

56. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

9

Buie Linda / Complaint

## AS A FIFTH CAUSE OF ACTION:

Negligent Retention of Employment Services-against defendant City of New York.

57. Plaintiff hereby restates paragraph 1-56 of this Complaint, as though fully set forth below.

58. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiffs.

59. Upon information and belief, Defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

60. Upon information and belief, Defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Defendant Officers were not prudent and were potentially dangerous.

61. Upon information and belief, Defendant City of New York, negligence in hiring and retaining the Defendant officers proximately caused Plaintiff's injuries.

62. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Defendant Officers, Plaintiff incurred significant and lasting injuries.

**WHEREFORE,** plaintiffs respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

10

Buie Linda / Complaint

2.  On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3.  On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4.  On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5.  On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

6.  Such other and further relief as this Court may deem necessary in the interest of justice.

    Dated: August 31, 2012,
           Brooklyn, New York


                                    O'keke& Associates, PC.



                                    _____
                                    Patrick O'keke, Esq. (PO-2861)
                                    O'keke& Associates, PC.
                                    Attorney for Plaintiff
                                    801 Franklin Avenue
                                    Brooklyn, New York 11238
                                    Tel. (718) 855-9595

Buie Linda / Complaint